E-FILED
Thursday, 24 October, 2013  02:59:38 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| HURLESTINE RANDLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13-cv-01503-SLD-JAG |
| | ) | |
| CHASE BANK, GREG HANEY, and | ) | |
| BEV DAVIS also known as BEV | ) | |
| ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Hurlestine Randle brings this case against her employer, Chase Bank, and two coworkers for employment discrimination.  Pending before the Court are her Petition to Proceed *in Forma Pauperis*, ECF No. 2, Motion for Appointment of Counsel, ECF No. 3, Motion for a Restraining Order, ECF No. 4, and Motion to Subpoena, ECF No. 5.  For the reasons set forth below, the Court DENIES the first three motions, ECF Nos. 2–4, and defers ruling on Plaintiff's Motion to Subpoena, ECF No. 5.

## DISCUSSION

I.    **Petition to Proceed** *in Forma Pauperis*

Plaintiff states that she has a monthly household income of $1500, which exceeds the 2013 federal poverty level of $957.50 per month for a one-person household.  She further states that she receives $811 each month from Social Security.  Plaintiff does not list any assets, which is puzzling, because she lists a mortgage among her expenses and debts.  She lists expenses totaling $1603 per month, but it is unclear from her petition what some of these expenses are and

whether or not they are necessary expenses.  Based on these facts, the Court finds that Plaintiff is able to pay the filing fee.  Plaintiff's Motion to Proceed *in Forma Pauperis* is DENIED.

## II.      Motion for Appointment of Counsel

The Court may request an attorney to represent a plaintiff who is unable to afford counsel. 28 U.S.C. § 1915(e)(1).  Accordingly, the first inquiry is whether Plaintiff is unable to afford counsel.  Plaintiff's representations to the Court regarding her financial situation do not demonstrate that she is unable to afford counsel, so her Motion for Appointment of Counsel is DENIED.

## III.      Motion for Restraining Order

The Court interprets Plaintiff's Motion for Restraining Order, ECF No. 4, as a motion for a temporary restraining order without notice under Federal Rule of Civil Procedure 65(b).  She seeks this extraordinary remedy against the two individual defendants, Haney and Davis.  Rule 65(b)(1) requires that:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Here, Plaintiff alleges that she fears for her life and that she has people stalking her every single day.  Pl.'s Mot. TRO, ¶ 16, ECF No. 4.  However, the most recent incident that she specifically describes is a phone threat on August 8, 2013.  Most of the threatening conduct that Plaintiff describes allegedly occurred in 2011.  There is some indication, moreover, that Plaintiff is not currently working alongside the Haney or Davis; she states in her prayer for relief "whenever I return to work . . . ."  Compl., ¶ 13(f), ECF No. 1.  Plaintiff's fear of Defendants Haney and

Davis would explain her reluctance to give notice, but given the lack of evidence to show that

Plaintiff's anticipated injury, loss, or damage would be both "immediate and irreparable," the

Court must deny Plaintiff's Motion.  If she has additional evidence or conditions change,

Plaintiff is permitted to file a new motion for a temporary restraining order, and Plaintiff is also

advised that she may file a motion for a preliminary injunction if that was her intention.  In either

event, however, Plaintiff's motion should conform to the requirements of Federal Rule of Civil

Procedure 65.  Plaintiff is also advised to more specifically describe the protection she seeks, as

contemplated in Rule 65(d)(1).

**IV.     Motion to Subpoena**

This Motion being premature, the Court will defer ruling on it.

**CONCLUSION**

Plaintiff's Petition to Proceed in Forma Pauperis, ECF No. 2, Motion for Appointment of

Counsel, ECF No. 3, and Motion for a Restraining Order, ECF No. 4, are DENIED.  The Court

defers ruling on Plaintiff's Motion to Subpoena, ECF No. 5.

Entered this 24th day of October, 2013.

s/ Sara Darrow

SARA DARROW

UNITED STATES DISTRICT JUDGE
