E-FILED
Tuesday, 02 September, 2014  10:34:14 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| HURLESTINE RANDLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:13-cv-01503-SLD-JEH |
| | ) | |
| CHASE BANK, GREG HANEY, and | ) | |
| BEV DAVIS also known as BEV | ) | |
| ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Hurlestine Randle brings this case against her employer, JPMorgan Chase Bank, N.A. ("Chase"), and two of its employees, Bev Anderson and Greg Haney, for employment discrimination. Pending before the Court is the individual defendants' Motion to Dismiss for Failure to State a Claim, ECF No. 16, which the Court GRANTS for the reasons set forth below.

## DISCUSSION

Randle, proceeding pro se, filed a complaint against Chase, Haney, and Anderson, alleging violations of Title VII and the ADEA. Haney and Anderson move to dismiss the claims against them because neither Title VII nor the ADEA imposes individual liability on employees. Mem. in Supp. Mot. Dismiss, ECF No. 17. Randle's Response to the Motion to Dismiss, ECF No. 22, reiterates the allegations in her Complaint, ECF No. 1.

The Seventh Circuit has held that an individual is not a proper Title VII defendant. *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995) (holding "a supervisor does not, in his individual capacity, fall within Title VII's definition of employer"); *EEOC v. AIC Sec.*

1

*Investigations, Ltd.*, 55 F.3d 1276, 1280 n.2 (7th Cir. 1995) (acknowledging that under the ADA, Title VII and the ADEA, the Seventh Circuit uses the terms "individual liability" and "supervisor liability" interchangeably when referring to "the liability of individuals who do not otherwise meet the statutory definition of employer").

The Seventh Circuit has suggested that the ADEA, like Title VII, does not impose liability on individual employees. *Horwitz v. Bd. of Educ. of Avoca Sch. Dist. No. 37*, 260 F.3d 602, 610 n.2 (7th Cir. 2001) (suggesting no individual liability under the ADEA); *Matthews v. Rollins Hudig Hall Co.*, 72 F.3d 50, 52 n.2 (7th Cir. 1995) (approving the district court's dismissal of plaintiff's ADEA claims against the individual defendant based on the principles outlined in *AIC*); *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 n.2 (7th Cir. 1995) (noting likelihood that there is no individual liability under the ADEA given the identical statutory definition of employer in the ADA and ADEA statutes). Accordingly, the Court holds that there is no individual liability under the ADEA.

Randle may not bring claims of discrimination against Haney and Anderson as individuals under Title VII or the ADEA.

## CONCLUSION

The individual Defendants' Motion to Dismiss, ECF No. 16, is GRANTED.


Entered this 2nd day of September, 2014.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
